lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No.  10-40067-JAR |
| ) | |
| DANIAL GENE MEADE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER REGARDING FORFEITURE

On February 17, 2011, a jury found defendant Danial Gene Meade guilty of the following charges:  felon in possession of a firearm in violation of 18 U.S.C. § 922(g); violent felon in possession of body armor in violation of 18 U.S.C. § 931(a); and felon in possession of ammunition in violation of 18 U.S.C. § 922(g).[1]  The Second Superseding Indictment included a notice of the United State's intent to seek forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).[2]  The property to be forfeited is identified as:

**Norinco, Model MAK 90, 7.62 caliber rifle, bearing Serial No. 23480**

**7.62 x 39 caliber ammunition**

Defendant did not request to have the jury determine the forfeitability issue, and on February 17, 2011, the Court held an evidentiary hearing on the government's forfeiture allegation.  The government presented testimony from ATF Agent Tyree Koerner regarding the

---

[1](Doc. 89.)

[2](Doc. 52.)

"Firearms Trace Summary,"[3] and the nature of the ammunition; defendant does not allege ownership in either item, and stood mute. At the conclusion of the hearing, the Court took the matter under advisement.

The forfeiture allegation in the Second Superseding Indictment states that the government seeks forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The Federal Rules of Criminal Procedure require that "[i]f the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense."[4] The "requisite nexus" for a violation of 18 U.S.C. § 922(g) is set forth in 18 U.S.C. § 924(d)(1), which subjects to seizure and forfeiture "[a]ny firearm or ammunition . . . used in any knowing violation of subsection . . . (g) . . . of section 922." Sentencing courts determine the forfeiture nexus by a preponderance of the evidence.[5]

Based upon the record from the forfeiture hearing and the trial, the Court finds that the government has established by a preponderance of the evidence the requisite nexus between the firearm and ammunition and the offenses of conviction, felon in possession of a firearm and ammunition as charged in Counts I and III. Specifically, the firearm and ammunition as identified in the Second Superseding Indictment were used in the commission of Counts I and III.

**IT IS THEREFORE ORDERED BY THE COURT** that the property identified in the Second Superseding Indictment is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28

---

[3] Forfeiture Ex. 1.

[4] Fed. R. Crim. P. 32.2(b)(1).

[5] *Libretti v. United States*, 516 U.S. 29, 39 (1995).

U.S.C. § 2461(c).  The government is directed to promptly submit a Preliminary Order of

Forfeiture reflecting the findings set forth herein.

**IT IS SO ORDERED.**

Dated: February 23, 2011

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE