# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Respondent/Plaintiff, )<br>)<br>v. )<br>)<br>DANIAL GENE MEADE, )<br>)<br>Petitioner/Defendant. )<br>) | Case No. 10-40067-01-JAR<br>13-4015-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Danial Gene Meade's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 124). The Government has responded (Doc. 126) by moving for dismissal of the motion as untimely because it was filed outside the applicable statute of limitations. After a careful review of the record and the arguments presented, the Court grants the Government's motion.

**I.     Background**

On February 17, 2011, a jury found Meade guilty on three counts: Felon in Possession of a Firearm, Felon in Possession of Body Armor, and Felon in Possession of Ammunition (Doc. 89). On June 27, 2011, this Court sentenced Meade to 120 months' imprisonment (Doc. 117). Meade did not appeal the judgment or his conviction.

On September 9, 2013, Meade filed the instant § 2255 motion seeking to vacate his sentence on eight different grounds all relating to ineffective assistance of counsel. More specifically, Meade contends that his counsel was ineffective because of counsel's failure to object to several different pieces of evidence offered by the Government at trial, and that Meade

was not properly informed of the "advantages" and "disadvantages" of appeal.[1]

## II. Standard

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[2] Because Meade appears *pro se*, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[3] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[4] However, it is not "the proper function of the district

---

[1] Doc. 124 at 15.

[2] 28 U.S.C. § 2255(b).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id.*

court to assume the role of advocate for the *pro se* litigant."[5] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[6]

## III. Discussion

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[7] This statute provides that a defendant has one year from the date his judgment of conviction became final to file his § 2255 motion.[8] In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final:

> from the latest of-(A) the date on which the judgement became final by the conclusion of direct review or the expiration of time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[9]

Because Meade makes no assertions that would fall under (B), (C), or (D) above, the § 2255 motion, to be timely, would need to have been filed within one year of Meade's deadline to

---

[5]*Id.*

[6]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[7]*See* 28 U.S.C. § 2255, ¶ 6.

[8]*Id.* at ¶ 6(1).

[9]28 U.S.C. § 2244(d)(1); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

appeal this Court's judgment. The Federal Rules of Appellate Procedure make clear that Meade had fourteen days from the Court's judgement in which to file an appeal; applying this to the statute of limitations governing § 2255, Meade had one year and fourteen days to file the instant motion.[10] In short, Meade's § 2255 motion could only be considered timely if filed on or before July 11, 2012. Meade filed his § 2255 petition on September 9, 2013, nearly one year and two months after the one-year limitations period ran.

Meade seems to concede that his motion is far outside the statutory bar, but argues that he is entitled to equitable tolling of the statute of limitations. "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[11] In the habeas action context, equitable tolling has been limited to "rare and exceptional circumstances."[12] The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstance—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[13]

Meade maintains that he has "exercise[d] all possible due diligence" but that he only recently discovered the ability to file a § 2255 motion because of limitations inherent within the

---

[10]Fed. R. App. P. 4(b).

[11]*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

[12]*Gibson v. Klinger*, 232 F.3d 799, 800 (10th Cir. 2000).

[13]*Id.* (internal citations omitted); *Scott*, 317 F.3d at 1141.

4

research facilities available to him, as well as "extremely limited or non-existent experience, education, understanding, information and guidance. . . "[14] The law is clear that complaints about unfamiliarity with the legal process have been found to provide no basis for equitable tolling.[15] Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated *pro se* prisoner.[16] "Simple excusable neglect is not sufficient."[17]

Nor do Meade's claims that he received ineffective counsel present an extraordinary circumstance to justify equitably tolling the limitations period. Indeed, a purported denial of the effective assistance of counsel under the Sixth Amendment, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]."[18] Instead, equitable tolling of the limitations period will be justified when the habeas petitioner can establish "sufficiently egregious misconduct" on the part of counsel.[19]

Meade has not asserted any facts to persuade the Court that his counsel engaged in sufficiently egregious conduct. On the contrary, Meade's stated grounds for this instant motion

---

[14] Doc. 124 at 18.

[15] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001). Meade's complaints regarding availability of resources in the facility where he was incarcerated also does not rise to the level of warranting equitable tolling; many incarcerated *pro se* litigants file § 2255 motions under the same circumstances as Meade but within the statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.").

[16] *Marsh*, 223 F.3d at 1220; *Gibson*, 232 F.3d at 808.

[17] *Id.*

[18] *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005).

[19] *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007).

5

show in-depth discussions of Meade's trial concerns with his counsel. For example, Meade states in Ground One that his objections to a photo of Meade being introduced into evidence were addressed by his counsel, they discussed stipulating to his identity in the photo, and counsel advised Meade there were no grounds to object to admission of the evidence.[20] With the benefit of hindsight, perhaps this decision made by counsel was incorrect, but that does not rise to the "completely unreasonable" standard for finding an ineffective counsel claim.[21] Meade may now be dissatisfied with his counsel's results, but this is an insufficient basis for finding such extraordinary circumstances as to justify tolling of the limitations period.[22] Accordingly, the Court finds that Meade's request for equitable tolling is without merit, and his § 2255 motion is untimely and thus barred by the statute of limitations.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[23] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[20]Doc. 124 at 7.

[21]*See Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006).

[22]*See Irwin v. Dept. of Veterans Affairs*, 489 U.S. 89, 96 (1990) (holding equitable tolling not available to "garden variety" claims of attorney neglect); *see also Holland v. Florida*, 560 U.S. 631 (2010) (listing instances where attorney misconduct *may* incur equitable tolling of the statute of limitations, including: client abandonment, a last minute change in representation immediately before trial, and where attorney failed to communicate with the client for years).

[23]28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

wrong."[24]  A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[25]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[26]  For the reasons detailed in this Memorandum and Order, Meade has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Dismiss (Doc. 126) is GRANTED; Meade's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 124) is DISMISSED as untimely; Meade is also denied a COA.

**IT IS SO ORDERED.**

Dated: September 25, 2013

                                          S/ Julie A. Robinson

                                          JULIE A. ROBINSON

                                          UNITED STATES DISTRICT JUDGE

---

[24]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[25]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[26]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).