**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Respondent/Plaintiff, | ) |
| v. | ) Case No. 10-40067-01-JAR |
| | ) 13-4015-JAR |
| DANIAL GENE MEADE, | ) |
| Petitioner/Defendant. | ) |

## MEMORANDUM AND ORDER

Petitioner Danial Gene Meade filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 124) on September 9, 2013, over one year after the statute of limitations period ran. On September 25, 2013, the Court entered a Memorandum Order and Opinion granting the Government's motion to dismiss as untimely Petitioner's motion (Doc. 127). On October 1, 2013, Petitioner filed a letter responding to the Government's motion, which the Court construed as a Motion for Reconsideration (Doc. 128).

As the Tenth Circuit noted in *Hawkins v. Evans*,[1] the Federal Rules of Civil Procedure do not recognize a motion to reconsider, so such motions are construed as a Rule 59(e) motion to alter or amend if the motion is filed within twenty-eight days of the entry of judgment;[2] if the motion is filed more than twenty-eight days after entry of judgment, it is construed as a Rule 60(b) motion for relief from judgment. In this case, Petitioner's request was filed within one week of the Court's order. A motion to alter or amend judgment pursuant to Rule 59(e) may be

---

[1] 64 F.3d 543, 546 (10th Cir. 1995).

[2] *See* Fed. R. Civ. P. 59(e) (stating a motion to alter or amend judgment must be filed no later than 28 days after entry of the judgment).

granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]

Petitioner presents no valid legal argument to warrant relief from the Court's order dismissing his § 2255 motion as untimely. Instead, he repeats arguments and allegations regarding grounds for equitable estoppel made in support of his § 2255 motion, stating in general terms that he faced challenges and circumstances beyond his control, that he exercised diligence in filing his motion, and that he was given "misleading" answers by counsel. Petitioner's broad assertions are merely a rehash of his previous arguments, and are insufficient to warrant relief from judgment pursuant to Rule 59(e). Accordingly, Petitioner's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Danial Meade's Motion for Reconsideration (Doc. 128) is DENIED.

**IT IS SO ORDERED.**

Dated: October 24, 2013

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[3] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[4] *Servants*, 204 F.3d at 1012.